IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **J. S. and M. S. as parents and best friends of A.S.,** | )<br>)<br>)<br>) |
| Plaintiffs | ) **Case No.:** |
| vs. | )<br>) |
| **BOARD OF EDUCATION FOR SCHAUMBURG SCHOOL DISTRICT #54 and THE STATE OF ILLINOIS,** | )<br>)<br>)<br>) |
| Defendants | )<br>) |

## VERFIED COMPLAINT

Now come the plaintiffs, by and through their attorney, Steven E. Glink, and complaining against the defendants, state as follows.

## JURISDICTION

1. This action is brought pursuant to the Fourteenth Amendment to the Federal Constitution; the Individuals with Disabilities Education (Improvement) Act (IDEA), 20 U.S.C. 1400 et seq.; Section 504 of the Rehabilitation Act of 1973, 29 USC 701, et seq. and The Americans with Disabilities Act (ADA) , 42 USC 12101, et seq.

2. Jurisdiction is proper pursuant to 28 USC 1331

3. Venue is proper pursuant to 28 USC 1392.

4. The school district's principal place of business is located in the Village of Schaumburg, Cook County, Illinois.

5. All material acts related to this incident occurred in Schaumburg, Cook County Illinois.

## THE PARTIES

6. Plaintiffs are citizens of the United States and residents of Schaumburg, Illinois.

7. A.S. is an eleven (11) year old student currently enrolled as a student at the Hanover Highlands Elementary School, which is operated by the board of education for Schaumburg School District # 54.

8. J. S. and M.S. are A.S.'s biological parents.

9. Schaumburg School District # 54 ("the district") is a local public school district organized pursuant to the Illinois School Code.

10. The Board of Education (BOE) is a group of citizens elected to operate and govern the school district.

11. The State of Illinois is the sovereign governmental entity that, amongst other things, enacts various laws in the State.

12. Plaintiffs have a private right of action under *Tennessee v. Lane* and its progeny.

## STATEMENT OF MATERIAL FACTS

13. This case involves a challenge to Illinois' Medical Cannabis Pilot Program (MCPP) law, 410 ILCS 130, et. seq.

14. The child plaintiff has been medically diagnosed with leukemia, which was treated via chemotherapy. Those treatments have resulted in the child now suffering from seizure disorders and epilepsy.

15. The plaintiffs received treatments and traditional Western prescriptive medications for approximately four years in an attempt to regulate A.H.'s seizures and epilepsy. That was not successful and forced A.H. to take a substantial amount of medication.

16. The child plaintiff's treating physicians have prescribed medical cannabis to deal with her epilepsy and seizures.

17. At present, A.H. wears a medical cannabis patch on her foot as prescribed by her treating physicians. That patch contains small amounts of THC, the active residual ingredient of medical cannabis.

18. From time to time, when the patch alone is insufficient to control A.H.'s seizures/epilepsy, A.H. uses cannabis oil drops on her tongue or her wrists to regulate her seizures/epilepsy. Those drops also contain small amounts of THC.

19. A.S. has an IEP for her impairments. Her primary eligibility classification is intellectual disability. Her secondary eligibility classification is other health impairment (OHI). The IEP generally provides that A.S. is placed in a "mainstream" placement with a 1:1 aide.

20. Under the Illinois School Code's compulsory attendance law, 105 ILCS, 26-1 et seq., A.S. is required to attend school and the parents are required to ensure that their daughter attends school.

21. On January 1, 2014, Illinois' Medical Cannabis Pilot Program (MCPP) became law. That law generally allows for the dispensing of cannabis to medically qualified individuals under certain terms, conditions and regulations.

22. The MCPP statute allows cannabis to be present in various locations (e.g. housing or places of employment). The MCPP also provides immunity from prosecution to those individuals listed in the statute.

23. One notable exception to the presence and immunity provisions of the MCPP statute are public schools, school buses and school employees (e.g. qualified patients may

not possess or consume cannabis on school grounds or school buses; school employees are not immune from criminal prosecution for possession or distribution of medical cannabis; school personnel are not required to be qualified care givers who can administer medical cannabis). See: 410 ILCS 130/30.

24. Plaintiffs' treating physicians have informed the district's personnel that A.S. can suffer symptoms that require the administration of cannabis at any time during the school day.

25. Plaintiffs have requested the opportunity / ability to store and use/ consume cannabis on school property and for school personnel to help administer cannabis per doctors' order whenever A.S. suffers symptoms.

26. Citing the exclusionary provisions of the MCPP, the school defendant has declined to accommodate plaintiffs' requests (a copy of Dr. Nick Myers's (the assistant superintendent) email is attached as exhibit A).

27. Plaintiffs contend that there is no rational basis for the Legislature's decision to exclude students and schools from the application of the MCPP and that adherence to this law will deny this child her Constitutional right to due process of law as well as the full benefits of the defendants' educational services and programs.

28. Plaintiffs also contend that the school defendant's denial of their request for accommodations (e.g. the use of medical cannabis) violates the child's rights under the IDEA, the ADA and § 504 of the Rehabilitation Act.

## **COUNT I-FAILURE TO ACCOMMODATE**

29. Plaintiffs reallege their allegations in ¶ 1-28 above as their allegations for this count.

30. Title II of the ADA prohibits local governmental entities from discriminating against a qualified individual with a disability by denying the qualified individual the full benefit of services, programs and/or activities on the basis of a disability.
31. The district, suable via the BOE, is a local governmental entity as defined by Title II of the ADA.
32. Title III of the ADA prohibits disability discrimination (e.g. denial of the full benefit of services, programs and/or activities) in places of public accommodation.
33. The district's schools are places of public accommodation as defined by Title III of the ADA.
34. Section 504 of the Rehabilitation Act prohibits the same type of discrimination as does the ADA but applies only to recipients of federal funds.
35. The district is a recipient of federal and state funds.
36. A.S. is a qualified individual with a disability as that term is defined by the ADA and/or Section 504 of the Rehabilitation Act because she has been diagnosed with the impairments of OHI, intellectual disability, seizure disorders and epilepsy.
37. A.S. is a qualified individual with a disability because the defendants regard her as having impairments that substantially limits her in daily life functioning via her IEP.
38. Dr. Toni Bark is also recommending that A. S. have access to medical cannabis at all times while at school. (Dr. Bark's letter is attached as ex. B).
39. Because the MCPP law prohibits medical cannabis in schools and because the minor plaintiff cannot attend school without the ability to have the immediate access and administration of medical marijuana if/when she becomes ill, the child cannot attend school.

40. The requested accommodations (e.g. allow the medical cannabis to be stored at the school; allow the child to use her medical cannabis as directed by her doctor and require a school employee to administer the cannabis to A.S. in compliance with doctor's orders) were and continue to be reasonable and necessary.

41. Defendants' forced denial of the plaintiffs' requested accommodations based on § 30 of the statute violates the child's rights under both the ADA and section 504 of the Rehabilitation Act because she is being denied the opportunity to attend school as required by state law and because she is being denied the opportunity to enjoy the full benefits of the school district's programs and services.

Wherefore, plaintiffs respectfully pray that pursuant to FRCP 65, this Honorable Court enter a preliminary injunction upon the defendants as follows:

　　A. Ordering the BOE / the district to allow plaintiffs to store and maintain doses of medical cannabis in the school nurse's office;

　　B. Ordering the BOE / the district to allow the student to access and consume her medical cannabis on school grounds, on school buses or at school related events in compliance with her doctor's orders;

　　C. Ordering the BOE / the district to designate an employee (e.g. the school nurse) to assist the student with the ingestion / consumption of her medical cannabis on school property on an as needed basis;

　　D. Order that the State of Illinois take no action against any person or entity to enforce the statute's prohibition against the presence or use of medical cannabis on school property;

　　E. Enter any Order that is just and reasonable.

## **COUNT II-DENIAL OF FAPE**

42. Plaintiffs reallege their allegation in ¶ 1-28 as their allegations in this count.

43. Under state law (105 ILCS 5-14-8.01, et seq) and federal law (IDEA), the district has an obligation to provide the plaintiff student with a FAPE.

44. To that end, the parents and the district have agreed on an IEP (a copy of which is attached hereto as exhibit C).

45. As a result of § 30 of the MCPP law's prohibition of medical cannabis on school property and school buses, the student plaintiff cannot attend school and because the student plaintiff cannot attend school, she is being denied a FAPE.

46. But for the provisions of the MCPP that prohibit the presence and ingestion of medical marijuana on school property, the district is ready, willing and able to provide the student plaintiff with a FAPE as required by law.

47. Strict application of § 30 of the MCPP law has the effect of denying the student plaintiff of her rights to a FAPE under federal and state law.

Wherefore, the plaintiffs respectfully pray that pursuant to FRCP 65, this Honorable Court issue a preliminary injunction upon the defendants as follows:

A. Order the district/ BOE allow the plaintiffs to store the student's medical cannabis in the school nurse's office;

B. Order the district / BOE to allow the student to access and consume her medical cannabis on school property, on school buses and at school related events in compliance with her doctor's orders;

C. Order the district/ the BOE to designate an employee (e.g. the school nurse) to assist the student with her ingestion or consumption of her medical cannabis on school property on an as needed basis;

D. Order that the State of Illinois take no action against any person or entity for the failure to comply with the statute's prohibition of the presence or use of medical cannabis on school property;

E. Enter any other Order that the Court deems reasonable and just.

### COUNT III-VIOLATION OF CONSTITUTIONAL RIGHT TO DUE PROCESS (DECLARATORY JUDGMENT)

48. Plaintiffs reallege their allegations in ¶1-46 above as their allegations for this paragraph.

49. As citizens of the United States, plaintiffs have the right to due process of law under the 14th Amendment to the Federal Constitution.

50. The MCPP statute (§ 30) bans the presence and use of medical cannabis on school property and school buses. Yet, the same statute allows the possession and use of medical marijuana at places of employment and certain residences.

51. The MCPP also provides various privileges and immunities to individuals who possess, consume or assist qualified users use medical marijuana pursuant to a doctor's order on the permitted locations. However, the MCPP does not provide the same privileges and immunities to the same individuals if the venue for use is school property.

52. A.H.'s use of her cannabis patch or cannabis oil at school would violate §30 of the Act.

53. The MCPP is an unconstitutional violation of A.S.'s Constitutional right to due process of law on its face and as applied to her because:

   A. There is no rational basis for the distinction between the venues where medical cannabis is allowed and school property, where medical cannabis is expressly forbidden.

   B. The statute is overbroad on its face;

   C. The blanket prohibition of the presence and ingestion of medical cannabis on school property is not the least restrictive means to accomplish the Legislature's concerns because in most schools in this state, prescriptive medication for students is stored in the school nurse's office and administered there by a registered or certified nurse;

   D. In this case, the district's staff is ready, willing and able to administer A.S.'s medical cannabis in compliance with doctor's order but will not do so for fear of criminal prosecution and/or disciplinary action by the State against the individual's professional license (see email from assistant superintendent Nick Myers, attached as ex. A);

   E. Denying A.S. the use of her medical cannabis on school property when it is medically needed could lead to serious health issues including but not limited to death;

   F. Denying A.S. the use of medical cannabis on school property will deny her the right to a FAPE, which is guaranteed by State and Federal law;

  G. Denying A.S. the use of medical cannabis on school property will deny her the full use and enjoyment of all facilities and programs at her school in violation of the ADA and § 504 of the Rehabilitation Act;

  H. Strict enforcement of the statute's prohibition against possession and use of medical cannabis on school property will prevent A.S. from attending school in violation of Illinois' compulsory attendance law, which in turn could lead to the prosecution of A.S. and/or her parents for violation of Illinois' truancy laws.

54. There is no realistic alternative to allowing A.S. to possess and ingest medical cannabis on school property (e.g. she cannot take her dosage in the morning) because the use of medical cannabis is based on symptomatology.

55. This part of the statute may affect other students and school employees in this State who have qualifying medical conditions and a legitimate medical need to use medical cannabis.

56. In 2016, the State of Colorado amended its medical marijuana law to allow a parent or a "primary caregiver" to administer medical marijuana on school grounds, on a school bus or at a school sponsored event (see: C.R.S. 22-1-119.3, aka Jack's Law).

 Wherefore, plaintiffs respectfully pray that this Honorable Court declare that § 30 of the MCPP is unconstitutional on its face and as applied to A.S.

 Plaintiffs further pray that this Honorable Court enter an Order barring the State of Illinois from enforcing this section of the statute.

Plaintiffs further pray that the Court declare that no district employee who assists A.S. with her use of medical cannabis may be subject to any criminal prosecution and/or other administrative process based on their failure to comply with § 30 of the MCPP.

Respectfully Submitted,

By: s/STEVEN E. GLINK

STEVEN E. GLINK

LAW OFFICES OF STEVEN E. GLINK
ATTORNEY FOR PLAINTIFFS
ARDC # 6180869
3338 COMMERCIAL AVENUE
NORTHBROOK, ILLINOIS 60062
847/480-7749 (Voice)
847/480-9501 (Facsimile)